**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01602-NYW-MDB

RICHARD ROMERO,

    Plaintiff,

v.

F. GALLEGOS-CERVANTES, Officer #2044, and
LT. ALLEN,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell issued on December 31, 2024. [Doc. 166]. Judge Dominguez Braswell recommends that (1) Defendants' Motion to Dismiss Complaint [ECF 1] for Failure to Prosecute ("Motion to Dismiss"), [Doc. 145], be granted; and (2) Plaintiff Richard Romero's ("Plaintiff" or "Mr. Romero") Complaint, [Doc. 1], be dismissed with prejudice. *See generally* [Doc. 166 (the "Recommendation")]. Specifically, Judge Dominguez Braswell determined that the dismissal of Plaintiff's Complaint with prejudice is appropriate in light of his ongoing failure to comply with the Court's orders compelling him to respond to the Defendants' discovery requests, *see* [Doc. 109; Doc. 138], and upon consideration of the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). [Doc. 166 at 3–9].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties. [*Id*. at 9–10]; *see also* 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Before the 14-day period for objections expired, Mr. Romero filed a Notice of Appeal, [Doc. 169], which divested this Court of jurisdiction, *see Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (observing that the filing of a notice of appeal generally divests the district court of jurisdiction over the issues on appeal).[1]  On February 11, 2025, the United States Court of Appeals for the Tenth Circuit dismissed Mr. Romero's appeal, issued its Mandate, and transferred jurisdiction back to this Court.  *See* [Doc. 175; Doc. 176].

After filing his Notice of Appeal and before the 14-day period expired, Mr. Romero also filed a letter to the Court,[2] wherein he writes to "inform [the Court]" of various issues, including that Mr. Romero (1) is disabled; (2) recently suffered a lower back injury for which he is now medicated; (3) is worried and scared because the "defendants co-worker's are now bulling [him], provoking [him] and retaliating on [him] everyday since [he] filed [his] prisoner complaint against the defendants"; and (4) "fear[s] for [his] safety . . . at Jefferson County Jail."  [Doc. 170 at 1].  Mr. Romero also explains that Judge Dominguez Braswell denied his requests for the appointment of counsel and "denied [his] subpoena of [his] witnesses and the chiropractor."  [*Id.*].  Finally, Mr. Romero asks that this Court refrain from dismissing his case.  [*Id.* at 1–2].

The Court does not construe Mr. Romero's letter as an Objection to the Recommendation because the letter contains no substantive arguments directed at the

---

[1] Because Mr. Romero's filing expressly indicated that he was appealing Judge Dominguez Braswell's Recommendation to the United States Court of Appeals for the Tenth Circuit, this Court did not construe it as an Objection to the Recommendation. [Doc. 168; Doc. 169].

[2] This Court recognizes that Plaintiff is proceeding without an attorney.  Because Mr. Romero is pro se, this Court reads his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Recommendation—let alone any arguments that address Mr. Romero's failure to provide discovery ordered. See [Doc. 170]. Even if the Court did construe the letter as an Objection, a general objection that does not put the district court on notice of the basis of a specific objection does not preserve the objection for *de novo* review by the district court. *See United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). And while the Court acknowledges the difficulties for any litigant to proceed without an attorney in federal court, the law is clear that Mr. Romero is still bound by the same procedural rules and substantive law as a represented party. *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, the Court concludes that no Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law, including Judge Dominguez Braswell's

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

recommendation that this action be dismissed with prejudice.

Accordingly, it is **ORDERED** that:

(1)  The Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 166] is **ADOPTED**;

(2)  Defendants' Motion to Dismiss Complaint [ECF 1] for Failure to Prosecute [Doc. 145] is **GRANTED**;

(3)  Plaintiff Richard Romero's Complaint [Doc. 1] is **DISMISSED with prejudice**;

(4)  The Clerk of Court is directed to close this case; and

(5)  The Clerk of Court shall mail a copy of this Order to:

> Richard Romero
> #P01114119
> Jefferson County Detention Facility
> P.O. Box 16700
> Golden, CO 80402-6700

DATED: February 11, 2025

BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States District Judge