**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01602-NYW-MDB

RICHARD ROMERO,

    Plaintiff,

v.

F. CERVANTES GALLEGOS, Officer #2044, and
LT. ALLEN,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff Richard Romero's ("Plaintiff" or "Mr. Romero")[1] Motion for/to: Object Dismissal ("Motion for Reconsideration"), [Doc. 182, filed March 7, 2025], Motion for/to: Object Dismissal ("Motion to Object"), [Doc. 183, filed March 17, 2025], and Motion for/to: Notice ("Motion for Notice," and collectively with the Motion for Reconsideration, "Motions"), [Doc. 184, filed March 17, 2025].[2]  For the reasons set forth below, the Motions are respectfully **DENIED**.

---

[1] Mr. Romero proceeds pro se.  Accordingly, the Court must construe the papers filed by him liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot and will not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

[2] The Motion for Reconsideration and the Motion to Object are identical.  *See, e.g.*, [Doc. 182 at 1 ("I objected to the dismissal of this action as it would vacate my due process rights."); Doc. 183 at 1 ("I objected to the dismissal of this action as it would vacate my due process rights.")].  Accordingly, the Court **DENIES** the second-filed Motion to Object **as moot**. [Doc. 183].

## BACKGROUND

The Court recites the procedural background of this case only as necessary to resolve the Motions. On December 31, 2024, the Honorable Maritza Dominguez Braswell issued a Recommendation that this Court grant Defendants' Motion to Dismiss Complaint for Failure to Prosecute. [Doc. 166]. Before the 14-day period for objections to the Recommendation expired, Plaintiff filed a Notice of Appeal, [Doc. 169], and a letter to the Court ("Letter"), [Doc. 170]. The Notice of Appeal appealed Judge Dominguez Braswell's Recommendation and divested this Court of jurisdiction. *See* [Doc. 169]. The Letter contained no substantive arguments directed at the Recommendation. *See* [Doc. 170]. On February 11, 2025, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") dismissed Mr. Romero's appeal and transferred jurisdiction back to this Court. [Doc. 175; Doc. 176]. That same day, this Court entered an order adopting Judge Dominguez Braswell's Recommendation and dismissing the case with prejudice. [Doc. 177]. The Court specifically referenced the Letter and declined to consider it as an objection to Judge Dominguez Braswell's Recommendation due to the lack of substantive engagement with the Recommendation. [*Id.* at 2–3]. The Court entered final judgment on February 11, 2025. [Doc. 178].

Plaintiff filed the Motion for Reconsideration on March 7, 2025 and the Motion for Notice on March 17, 2025. [Doc. 182; Doc. 184]. Defendants filed an initial response to the Motion for Reconsideration. [Doc. 185]. The Court construed the Motion for Reconsideration as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and ordered Defendants to file a response to the Motion for Reconsideration as so construed. [Doc. 186]. Defendants did so, *see* [Doc. 188], and also responded to

2

the Motion for Notice, [Doc. 189].  The Court permitted no replies absent leave of Court. [Doc. 186].  The Motions are thus fully briefed and ripe for review.

## LEGAL STANDARD

Rule 59 permits a party to file a "motion to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  However, "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006)).  As a result, motions under Rule 59(e) are appropriate in only a limited number of circumstances.  "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) 'include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"  *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Thus, motions under Rule 59(e) are "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  They are not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," *id.*, or "to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted).  "[I]n determining whether to grant or deny a Rule 59(e) motion to alter or amend the judgment, the district court is vested with considerable discretion."  *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

3

## ANALYSIS

In the Motion for Reconsideration, Mr. Romero states that "[he] objected to the dismissal of this action as it could violate [his] due process rights. [He] pray[s] for leniency in this action seeing that [he is] pro se with minimum legal knowledge and skills to proceed in this action." [Doc. 182 at 1]. Further, Mr. Romero requests the assistance of counsel "to protect [his] constitutional rights" and indicates that he is in "incompetent status in [his] criminal case." [*Id.*]. Finally, Mr. Romero states that "[t]his objection is made outside of the time frame under federal civil procedures [and] rules." [*Id.*]. Defendants respond that to the extent Mr. Romero intended to object to Judge Dominguez Braswell's Recommendation, the time to do so has elapsed. [Doc. 188 at 2]. Further, Defendants argue that the Motion for Reconsideration does not demonstrate the "extraordinary circumstances" required under Rule 59(e). [*Id.* at 3]. Finally, Defendants indicate that the criminal case Mr. Romero references has no bearing on the Motion for Reconsideration because in that case, Mr. Romero's counsel requested a competency evaluation on February 20, 2025, several days after the Court terminated this case. [*Id.* at 4]; *see* [Doc. 178].

In the Motion for Notice, Mr. Romero states that, "[due] to defective mailing procedures at the [Jefferson County Detention] [F]acility violating [his] due process rights . . . [he] was not given [his] legal mail notifying [him] of the final judgment that was entered on February 11th, 2025." [Doc. 184 at 1]. He argues that "[he has] been deprived [of his] ability to make a timely objection to the dismissal of this action causing [him] significant injury." [*Id.*]. Defendants respond that Mr. Romero failed to timely object to Judge Dominguez Braswell's Recommendation and cannot raise such an objection now. [Doc.

4

189 at 2]. Further, Defendants argue that even if Mr. Romero were permitted to object, he has not made any specific objections to the Recommendation to date. [*Id.*].

Construed liberally, *Haines*, 404 U.S. at 520–21, the Motions appear to object to the Court's dismissal of Mr. Romero's claims and request reconsideration of the Court's final judgment, *see* [Doc. 177; Doc. 178]. To alter a judgment under Rule 59(e), a party must demonstrate "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC*, 894 F.3d at 1203. Respectfully, Mr. Romero has not met his burden to alter the judgment in this case.

First, the Motions do not cite any authority nor discuss any change in the controlling law. *See* [Doc. 182; Doc. 184]. Second, to the extent Mr. Romero seeks to introduce evidence of his alleged incompetency, the Court notes that counsel in Mr. Romero's criminal case in Jefferson County requested a competency evaluation on February 20, 2025, several days after the Court terminated this case. [Doc. 188-2 at 1; Doc. 178]. Third and finally, the record does not demonstrate clear error or a need to prevent manifest injustice because Plaintiff had a clear opportunity to raise arguments objecting to Judge Dominguez Braswell's Recommendation but declined to do so. Indeed, Plaintiff responded to Judge Dominguez Braswell's Recommendation by filing the Notice of Appeal, indicating that he received and understood the Recommendation. [Doc. 169]. Further, Judge Dominguez Braswell recommended dismissal of this action based on Mr. Romero's failure to comply with court orders, [Doc. 166 at 4–9], and this Court adopted the Recommendation, finding no clear error in that analysis, [Doc. 177]. To date, Mr.

Romero's filings have not addressed his failure to comply with court orders regarding discovery and other procedural matters. See [Doc. 182; Doc. 184].

With respect to the Motion for Notice, Mr. Romero's allegations that the Jefferson County Detention Facility ("Facility") has not provided him with his legal mail also fail to justify reconsideration of the Court's order and final judgment. The record demonstrates that the Court mailed a copy of Judge Dominguez Braswell's Recommendation to Mr. Romero, [Doc. 166; Doc. 167], and Mr. Romero clearly received it, evinced by his response in the form of his Notice of Appeal to the Tenth Circuit, [Doc. 169]. The record further demonstrates that the Court mailed a copy of the Court's order adopting Judge Dominguez Braswell's Recommendation and a copy of the final judgment to Mr. Romero. [Doc. 177; Doc. 178; Doc. 179]. To the extent Mr. Romero seeks relief related to the Facility's mailing procedures, the Court lacks jurisdiction over the Facility as a non-party and declines to interfere with the operations of the Facility, as Judge Dominguez Braswell has indicated in this action before. [Doc. 53]; *Fairfield v. Khoo*, No. 1:19-cv-00632-DAD-HBK, 2021 WL 1138561, at *2 (E.D. Cal. Mar. 25, 2021) ("[T]he court has no jurisdiction over nonparties in this case, such as prison administrative staff, and cannot order prison personnel to handle plaintiff's legal mail in any specified fashion."), *report and recommendation adopted*, 2021 WL 1754188 (E.D. Cal. May 4, 2021). Accordingly, the Motion for Reconsideration is respectfully **DENIED** and the Motion for Notice is respectfully **DENIED**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) The Motion for/to: Object Dismissal [Doc. 182] is respectfully **DENIED**;

6

(2) The Motion for/to: Object Dismissal [Doc. 183] is respectfully **DENIED as moot**;

(3) The Motion for/to: Notice [Doc. 184] is respectfully **DENIED**; and

(4) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Richard Romero
#P01114119
Jefferson County Detention Facility
6D-45
P.O. Box 16700
Golden, CO 80402-6700

DATED: October 29, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7